**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ASSOCIATED PRODUCTION MUSIC LLC, a New York limited liability company, | ) ) ) ) | NO. CV 21-4799-SB(Ex) |
| Plaintiff, | ) ) | |
| v. | ) ) | SETTLEMENT CONFERENCE ORDER |
| THE VAIL CORPORATION, etc., et al., | ) ) | |
| Defendants. | ) ) | |

**PLEASE READ THIS ORDER CAREFULLY!** The Honorable Stanley Blumenfeld Jr., United States District Judge, has referred this case for a settlement conference. Magistrate Judge Charles F. Eick will act as a settlement judge who will not be involved in the actual trial of the case and who will assist in an objective appraisal and evaluation of the lawsuit. The following are mandatory guidelines for the parties in preparing for the settlement conference.

1. The settlement conference shall take place exclusively by telephone. In addition to counsel who will try the case being present

telephonically, a person with full settlement authority must likewise be present telephonically for the conference. This requirement contemplates the presence of your client or, if a corporate or governmental entity, an authorized representative of your client.[1] For a defendant, such representative must have final settlement authority to commit the defendant to pay, <u>in the representative's discretion</u>, a settlement amount recommended by the settlement judge up to the plaintiff's prayer (excluding punitive damage prayers in excess of $100,000.00) or up to the plaintiff's last demand, whichever is <u>lower</u>.[2] For a plaintiff, such representative must have final authority, <u>in the representative's discretion</u>, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the defendant's last offer. The purpose of this requirement is to have representatives present telephonically who can settle the case during the course of the conference without consulting a superior.

2. If Board approval is required to authorize settlement, telephonic attendance of the entire Board is requested. The telephonic attendance of at least one sitting member of the Board (preferably the Chairman) is <u>absolutely required</u>.

---

[1] However, if the United States or a federal agency is a party, an Assistant U.S. Attorney may appear without a representative. <u>See</u> Local Rule 16-14.5(b).

[2] If the settlement amount would be paid by a governmental entity, the representative of the defendant need not have such final settlement authority, but shall have as much settlement authority as would be practical to obtain before the conference.

3. Counsel appearing telephonically without their clients (whether or not you have been given settlement authority) will cause the conference to be cancelled and rescheduled. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate.

4. Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case, must have a fully authorized settlement representative telephonically present at the conference. Such representative must have final settlement authority to commit the company to pay, <u>in the representative's discretion</u>, an amount recommended by the settlement judge within the policy limits. The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior. An insurance representative authorized to pay, in his or her discretion, up to the plaintiff's last demand will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

5. The settlement judge may, in his discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the other.

6. Prior to the settlement conference, the attorneys are directed to discuss settlement with their respective clients and

insurance representatives, so the parameters of settlement have been explored well in advance of the settlement conference.

7. A settlement conference statement of each party must be emailed <u>directly to the chambers of the settlement judge</u> (e_chambers@cacd.uscourts.gov), no later than 5:00 p.m. on **October 13, 2022**, setting forth the relevant positions of the parties concerning the factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that may have been conveyed. Damages must be itemized fully. Copies of your settlement conference statements need not be served upon opposing counsel. The settlement conference statement may not exceed five (5) pages in length and will not be made a part of the case file.

8. The purpose of the settlement conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the lawsuit bearing on its settlement value.

9. The telephonic settlement conference is set for Thursday, the 20th day of October, 2022, at 1:30 p.m. Counsel shall contact the

///
///
///
///
///
///

4

Magistrate Judge's Courtroom Deputy Clerk to make arrangements for the conference.

DATED: October 5, 2022.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE